Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Moonbug Entertainment Limited and*
*Treasure Studio Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOONBUG ENTERTAINMENT LIMITED and TREASURE STUDIO INC.,<br><br>*Plaintiffs*<br><br>v.<br><br>AUTUMN SELL, AYLIN,BG BOD, COCONEW, COOLEMA, CORODER, DAWEI PARTY, EXCELLETOYZ, E-YONG, FIRST SIGHT 1986, GAVIN DIRECT US, GREATPARTYGIF, GUANGDONGCHENGQIANGJIANSHEGONGCHENG YOUXIANGONGSI, GUILIN MINGXUAN, GUOYUJIA, HAORANKE GIFT SHOP, HUGEONE, JH112, JIEOU, JUSUWK, KALENO DIRECT, KRUIDENIERSWINKELS, LIGEN-TECH, LINZHIDIANZI, MANGO LADY, MARWIO, MEISIYU, MOUISITON MALL, PINK ROM, QIDUN TRADE CO LTD, RUNHOME, RUNNIANSHANGWU168, SHUERJIA, SZMIYU, TELIKE, THUCI, TINTING3, TONGPAOTIYU, VISIT THE PP TOY STORE, W_MALL, WELLCHOY, WUDIXIANSOAIESYFBAIHUODIAN, XINGXIU, YIMENGFUSHIYOUXIANGONGSI, YIONEYI, YURDOOP and 西咸新区沣东新城代环涛百货店 a/k/a | CIVIL ACTION NO.<br>21-cv-10328 (NRB)<br><br>[~~PROPOSED~~]<br>FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER |

XIXIAN NEW DISTRICT FENGDONG NEW TOWN DAIHUANTAO DEPARTMENT STORE,

*Defendants*

# **GLOSSARY**

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiffs** | Moonbug Entertainment Limited ("Moonbug") and Treasure Studio Inc. ("Treasure") | N/A |
| **Defendants** | AUTUMN SELL, AYLIN, Bg Bod, COCONEW, COOLEMA, CORODER, dawei Party, Excelletoyz, E-yong, First sight 1986, Gavin Direct US, GreatPartyGif, guangdongchengqiangjianshegongchengyouxiangongsi, Guilin mingxuan, GuoYuJia, haoranke Gift shop, HugeONE, JH112, JIEOU,JUSUWK, Kaleno Direct, Kruidenierswinkels, ligen-tech, Linzhidianzi, Mango lady, MarWio, MEISIYU, MOUISITON MALL, Pink Rom, Qidun Trade Co Ltd, RunHome, runnianshangwu168, Shuerjia, szmiyu, telike, THUCI, TINTING3, tongpaotiyu, Visit the PP toy store, W_MALL, Wellchoy, wudixiansoaiesyfbaihuodian, Xingxiu, yimengfushiyouxiangongsi, YIONEYI,YuRDOOP and 西咸新区沣东新城代环涛百货店 a/k/a Xixian New District Fengdong New Town Daihuantao Department Store | N/A |
| **Defaulting Defendants** | AUTUMN SELL, AYLIN, Bg Bod, COOLEMA, CORODER, dawei Party, Excelletoyz, E-yong, First sight 1986, Gavin Direct US, GreatPartyGif, guangdongchengqiangjianshegongchengyouxiangongsi, Guilin mingxuan, GuoYuJia, haoranke Gift shop, HugeONE, JH112, JIEOU, JUSUWK, Kaleno Direct, Kruidenierswinkels, ligen-tech, Linzhidianzi, Mango lady, MarWio, MEISIYU, MOUISITON MALL, Pink Rom, Qidun Trade Co Ltd, RunHome, runnianshangwu168, Shuerjia, szmiyu, telike, THUCI, TINTING3, tongpaotiyu, Visit the PP toy store, W_MALL, Wellchoy, Xingxiu, yimengfushiyouxiangongsi, YIONEYI, YuRDOOP and 西咸新区沣东新城代环涛百货店 a/k/a Xixian New District Fengdong New Town Daihuantao Department Store | N/A |
| **Amazon** | Amazon.com, a Seattle, Washington-based, online marketplace and e-commerce platform owned by Amazon.com, Inc., a Delaware corporation, that allows manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on November 30, 2021 | 1 |
| **Complaint** | Plaintiffs' Complaint filed on December 3, 2021 | 4 |

i

| | | |
|---|---|---|
| **Application** | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on December 3, 2021 | 9-12 |
| **Ahton Dec.** | Declaration of Karine Ahton in Support of Plaintiffs' Application | 12 |
| **Ioannou Dec.** | Declaration of Karena K. Ioannou in Support of Plaintiffs' Application | 11 |
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered on December 6, 2021 | N/A |
| **PI Show Cause Hearing** | January 3, 2022 hearing to show cause why a preliminary injunction should not issue | N/A |
| **PI Order** | The Preliminary Injunction Order entered on January 3, 2022 | 13 |
| **CoComelon Content** | A popular streaming media show and YouTube channel featuring 3D animation videos of both traditional nursery rhymes and original children's songs | N/A |
| **CoComelon Applications** | U.S. Trademark Serial Application Nos.: 88/945,840 for " [CoComelon logo] " for goods in Class 3; 88/681,276 for " [CoComelon logo] " for goods in Class 25; 88/681,270 for " [CoComelon logo] " for goods in Class 9; 88/681,262 for "COCOMELON" for goods in Class 28; 88/681,248 for "COCOMELON" for goods in Class 9; 88/681,280 for " | N/A |

ii

| | | |
|---|---|---|
| | ![CoComelon logo] " for goods in Class 28 and 88/681,253 for "COCOMELON" for goods in Class 25 | |
| **CoComelon Registrations** | U.S. Trademark Registration Nos.: 6,375,368 for "COCOMELON" ![CoComelon grayscale logo] for goods in Class 16; 5,918,526 for "CoComelon" for goods in Classes 9 and 41; 5,830,142 for "COCOMELON" for goods in Classes 9 and 41; 6,421,553 for "COCOMELON" for goods in Class 28; 6,521,784 for "COCOMELON" for goods in Class 25 and 6,563,758 for " ![CoComelon logo] " for goods in Class 25 | N/A |
| **CoComelon Marks** | The marks covered by the CoComelon Registrations and CoComelon Applications | N/A |
| **CoComelon Works** | U.S. Copyright Registration Nos.: VAu 1-379-978 covering JJ; VAu 1-322-038 covering Unpublished Family Characters 2017; VAu 1-319-613 covering Animal Characters 2017 and VAu 1-374-077 covering CoComelon Logo | N/A |
| **CoComelon Products** | A variety of consumer products including toys, apparel, backpacks and other gear | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the CoComelon Marks and/or CoComelon Works, and/or products in packaging and/or containing labels and/or hang tags bearing the CoComelon Marks and/or CoComelon Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works and/or products that are identical or confusingly or substantially similar to the CoComelon Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Amazon, as well as any and all as yet undiscovered accounts with additional online marketplace | N/A |

iii

| Term | Definition | Reference |
|---|---|---|
| | platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said accounts are located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Amazon, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiffs' Motion for Default Judgment** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants filed on September 20, 2024 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, copyright infringement, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' CoComelon Marks and/or CoComelon Works, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiffs' Motion for Default Judgment, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I. Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiffs as to the First, Second and Fifth Causes of Action pleaded in the Complaint (trademark counterfeiting, trademark infringement and copyright infringement).

### II. Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement and the Copyright Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded Fifty Thousand U.S. Dollars ($50,000.00) in statutory damages against each of forty-five (45) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) and/or 17 U.S.C. § 504(c), plus post-judgment interest.

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing one or more of the CoComelon Marks and/or CoComelon Works and/or marks and/or artwork that are confusingly or substantially similar to, identical to and constitute a counterfeiting and/or infringement of the CoComelon Marks and/or CoComelon Works;

   B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts in violation of this Order;

   C. directly or indirectly infringing in any manner any of Plaintiffs' CoComelon Marks and/or CoComelon Works;

   D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' CoComelon Marks and/or CoComelon Works to identify any goods or services not authorized by Plaintiffs;

E. using Plaintiffs' CoComelon Marks and/or CoComelon Works, or any other marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiffs;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution,

  display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiffs' trademarks, copyrights or other rights including, without limitation, the CoComelon Marks and/or CoComelon Works, or bear any marks and/or artwork that are confusingly or substantially similar to the CoComelon Marks and/or CoComelon Works pursuant to 15 U.S.C. § 1118;

3) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

  A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying any of the Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts;

  B. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defaulting Defendants' Assets and Defaulting Defendants' Financial Accounts; and

    C. knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) and III(3)(A) through III(3)(B) above and III(4)(A) below.

4) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

    A. operation of Defaulting Defendants' User Accounts and Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant Storefronts; and

    B. knowingly instructing, aiding, or abetting any other person or business entity to engage in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H) and III(3)(A) through III(3)(B) and III(4)(A) above.

## IV. Dissolution of Rule 62(a) Stay and Asset Turnover Pursuant to N.Y. C.P.L.R. § 5225

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

2) IT IS FURTHER ORDERED, that one (1) week after final judgment is entered, Plaintiffs will either: (1) file a motion for an asset turnover pursuant to N.Y. C.P.L.R. § 5225; or (2) notify the Court of their intention not to proceed with a request for an asset turnover so the case may be closed.

## V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

**SO ORDERED.**

SIGNED this _____ day of _____, 2024, at _____ ___.m.

_____
HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

Dated:    February 26, 2025
          New York, New York

6